Michael J. Zinna (MZ3009)
E-mail: mzinna@wardzinna.com
Hanna B. Mosolygo (HM0428)
E-mail: hmosolygo@wardzinna.com
**WARD & ZINNA, LLC**
382 Springfield Avenue
Summit, New Jersey 07901
Telephone: 908-277-3333
Facsimile: 908-277-6373

*Attorneys for Plaintiff Debara K. Hafemann*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBARA K. HAFEMANN,<br><br>        Plaintiff,<br>   v.<br><br>3DROSE LIMITED LIABILITY COMPANY,<br><br>        Defendant. | Civil Action No. _____<br><br>**DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Mrs. Debara K. Hafemann, by and through her undersigned counsel, hereby files this Complaint against defendant 3dRose Limited Liability Company and alleges as follows:

### THE PARTIES

1.    Plaintiff, Mrs. Debara K. Hafemann (hereinafter, "Mrs. Hafemann" or "Plaintiff") is an individual with a mailing address at 80 Prospect Street, Gloucester, Massachusetts, 01930.

2.    Upon information and belief, Defendant, 3dRose Limited Liability Company (hereinafter, "3dRose" or "Defendant"), is a limited liability company organized and existing under the laws of the State of New Jersey, having a principal place of business at 141 North County Line Road, Jackson, New Jersey 08527.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

4. This Court has personal jurisdiction over Defendant by virtue of, *inter alia*: (a) Defendant's regular and continuous transaction of business within the State of New Jersey and within this Judicial District, (b) Defendant's place of business within the State of New Jersey and within this Judicial District, and (c) Defendant's commission of tortious acts complained of herein within the State of New Jersey and within this Judicial District.

5. Venue is proper in this Judicial District and division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## MRS. HAFEMANN'S COPYRIGHT

6. Mrs. Hafemann is an accomplished sea glass artist whose work is recognized and sold worldwide.

7. In 2008, Mrs. Hafemann created a photograph titled "Yellow Gem" depicting stacked colored sea glass on a field of sea glass (hereinafter, the "Yellow Gem Work").  A true and correct copy of this photograph is attached hereto as Exhibit A.

8. On or about October 1, 2008, the Yellow Gem Work was displayed at an exhibit called Sea Glass Stacks at Local Colors Gallery in Gloucester, Massachusetts and sold there in the form of framed prints and greeting cards.  The Yellow Gem Work was also published in Kaylos journal in the Fall of 2009 and has been depicted on various websites since at least 2009.  True and correct copies of various publications of the Yellow Gem Work are attached hereto as Exhibit B.

9. On April 9, 2015, Mrs. Hafemann was granted a Federal Copyright Registration for the Yellow Gem Work from the United States Copyright Office under Certificate of Registration No. VA 1-950-223 (hereinafter "Yellow Gem Copyright"). A true and correct copy of the Certificate of Registration is attached hereto as Exhibit C.

10. The Yellow Gem Copyright is valid and enforceable.

### 3DROSE'S INFRINGING ACTS

11. On or about January 29, 2015, Mrs. Hafemann received a solicitation from Amazon.com advertising 3dRose's "EvaDane - Sea Glass - Multi Colored Sea Glass - Drawing Book 8 x 8 inch (db_107329_1)" for sale for $18.99. Mrs. Hafemann instantly recognized the Yellow Gem Work on the cover of the drawing book as her own. Further investigation revealed that the Yellow Gem Work was used and sold by 3dRose on coasters, plates, tiles, framed tiles, wall clocks, iron on heat transfers, key chains, mugs, quilt squares, and other products (hereinafter, collectively referred to as the "Infringing Products"). True and correct copies the Infringing Products are attached hereto as Exhibit D.

### CLAIM FOR RELIEF

**(Copyright Infringement under U.S. Copyright Act, 17 U.S.C. § 501)**

12. Plaintiff incorporates by reference each of the allegations in paragraphs 1–11 above and further alleges as follows:

13. 3dRose has infringed and continues to infringe the Yellow Gem Copyright in violation of the U.S. Copyright Act, 17 U.S.C. § 501 by copying the Yellow Gem Work and reproducing it on the Infringing Products for sale to the public without any license or permission from Mrs. Hafemann.

14. Upon information and belief, at all times relevant, 3dRose had actual and constructive notice of Mrs. Hafemann's rights, but proceeded and is continuing to proceed in complete disregard thereof. 3dRose's infringement of the Yellow Gem Copyright, therefore, was and is willful and deliberate.

15. Mrs. Hafemann is entitled to recover damages sustained as a result of 3dRose's unlawful conduct, including 3dRose's profits, or in the alternative at Mrs. Hafemann's election, statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Mrs. Hafemann prays for the following relief:

1. For a declaratory judgment that 3dRose has violated the U.S. Copyright Act, 17 U.S.C. § 501;

2. For an injunction against 3dRose and its officers, agents, servants, employees, and attorneys, and all others in active concert or participation with each of them, who receive actual notice hereof by personal service or otherwise, enjoining and restraining them from manufacturing or distributing infringing products including the Yellow Gem Work, or from otherwise infringing the Yellow Gem Copyright;

4. For an order compelling 3dRose to take all steps necessary to remove the Yellow Gem Work from any materials printed or to be printed or distributed (including internet distribution);

3. That, in accordance with 17 U.S.C. § 503, all infringing products in 3dRose's possession or control be impounded by the Court during the pendency of this action and thereafter destroyed;

5. For general, special, actual, punitive, and/or statutory damages, according to proof at trial;

4. For (i) all of 3dRose's profits and all damages, including lost profits, sustained by Mrs. Hafemann as a result of 3dRose's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, or (ii) alternatively, at Mrs. Hafemann's election, the maximum statutory damages recoverable pursuant to 17 U.S.C. § 504;

6. For increased statutory damages for willful infringement pursuant to 17 U.S.C. § 504;

7. For costs and attorneys fees incurred in bringing this action in accordance with 17 U.S. Code § 505;  and

8. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Mrs. Hafemann demands a trial by jury on all issues so triable.

Dated: April 30, 2015                                  Respectfully submitted,

                                                                  s/  Michael J. Zinna
Michael J. Zinna (MZ3009)
E-mail: mzinna@wardzinna.com
Hanna B. Mosolygo (HM0428)
E-mail: hmosolygo@wardzinna.com
**WARD & ZINNA, LLC**
382 Springfield Avenue
Summit, New Jersey 07901
Telephone: 908-277-3333
Facsimile: 908-277-6373

*Attorneys for Plaintiff Debara K. Hafemann*